**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FRANK GUIDIDAS, on behalf of themselves**
**and all others similarly situated, et al.,**

    **Plaintiffs,**

v.　　　　　　　　　　　　　　　　　　　　　　Case No.  8:10-cv-1410-T-30TBM

**COMMUNITY NATIONAL BANK**
**CORPORATION, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss and Memorandum in Support (Dkt. 3), Plaintiffs' Opposition to Defendants' Motion to Dismiss (Dkt. 7), and Defendants' Reply in Support of Defendants' Motion to Dismiss (Dkt. 12). The Court, having reviewed the motion, response, reply, and being otherwise advised in the premises, concludes that Defendants' Motion to Dismiss (Dkt. 3) should be granted and this case should be dismissed without prejudice to Plaintiffs to exhaust their administrative remedies.

## BACKGROUND

In this class action, Plaintiffs, former employees of subsidiaries of Community National Bank Corporation ("CNBC"), seek to hold CNBC and some of its former officers and directors liable for allegedly breaching their fiduciary duties under the Employee Retirement Security Act ("ERISA"). The putative class are participants of the Community

National Bank Corporation Employee Stock Ownership Plan (the "Plan"). Plaintiffs' claims arise from the alleged failure of Defendants, who are or were fiduciaries of the Plan, to act solely in the interest of the participants and beneficiaries of the Plan, and to exercise the required skill, care, prudence, and diligence in administering the Plan and the Plans' assets during the period of time from January 1, 2005, to the present.

Plaintiffs allege in Count I that Defendants breached their fiduciary duties to Plaintiffs in violation of ERISA by failing to prudently and loyally manage the Plan's investments in CNBC stock. Plaintiffs allege in Count II that Defendants failed to inform Plaintiffs of the true risks of investing their retirement savings in CNBC stock. Lastly, in Count III, Plaintiffs allege that Defendants failed to properly monitor the performance of their fiduciary appointees and remove and replace those whose performance was inadequate.

Plaintiffs also contend in their complaint that during the relevant period of time, Defendants imprudently permitted the Plan to hold and acquire thousands of dollars in CNBC stock. Plaintiffs claim that Defendants knew or should have known that CNBC and/or its wholly owned subsidiaries, were engaging in activities such as self-interested lending and practices designed to render its banking operations unsound and unsafe as determined by federal bank regulators. As a result, CNBC stock was no longer a prudent and appropriate investment for Plaintiffs' retirement savings and Defendants' actions caused the Plan to incur enormous losses.

This case is now at issue on Defendants' motion to dismiss. Defendants argue that the issue of administrative exhaustion of remedies cannot be re-litigated because it is barred

by the doctrine of issue preclusion, based on the Court's ruling in *Swetic v. Community National Bank Corporation et al.*, No. 8:09-cv-2636-JSM-MAP. Defendants also argue, in the alternative, that Plaintiffs failed to exhaust the administrative remedies under the Plan.

The Court concludes that, even assuming *arguendo*, that the complaint is not barred by the doctrine of issue preclusion, Plaintiffs failed to exhaust the administrative remedies under the Plan.

## DISCUSSION

**I.    Standard of Review on a Motion to Dismiss**

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff''s complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co.*

*Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## II.     ERISA's Administrative Exhaustion Requirement

It is well-settled in this Circuit that before a plaintiff may bring an ERISA action in federal court, she must exhaust the administrative remedies provided for in the ERISA plan for challenging the administrator's denial of benefits. *See, e.g., Watts v. BellSouth Telecomms., Inc.,* 316 F.3d 1203, 1204, 1206 (11th Cir. 2003); *Perrino v. So. Bell Tel. & Tel. Co.,* 209 F.3d 1309, 1315 (11th Cir. 2000). Although not required by the text of ERISA, exhaustion is a court-imposed requirement based on the interpretation of the statute and congressional intent. *See Watts,* 316 F.3d at 1207; *Mason v. Cont'l Group, Inc.,* 763 F.2d 1219, 1227 (11th Cir. 1985). The reasons underlying the recognition of an exhaustion requirement have been articulated as follows:

> [a]dministrative claim-resolution procedures reduce the number of frivolous lawsuits under ERISA, minimize the cost of dispute resolution, enhance the plan's trustees' ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decisionmaking process, and allow prior fully considered actions by pension plan trustees to assist courts if the dispute is eventually litigated.

*Perrino,* 209 F.3d at 1315 (*quoting Mason,* 763 F.2d at 1227). Generally, if an individual fails to exhaust the administrative remedies, that person's claim is barred. *See Watts,* 316

F.3d at 1206; *see also Springer v. Wal-Mart Assocs. Group Health Plan,* 908 F.2d 897, 900 (11th Cir.1990) (recognizing "that the right to seek federal court review matures only after that requirement has been appropriately satisfied or otherwise excused").

Although courts strictly enforce the exhaustion requirement, the Eleventh Circuit has recognized certain exceptions. *Perrino,* 209 F.3d at 1315-16. Exhaustion is excused when "'resort to administrative remedies would be futile or the remedy inadequate,' or where a claimant is denied 'meaningful access' to the administrative review scheme in place." *Perrino,* 209 F.3d at 1316 (citation omitted) (*quoting Counts v. Amer. Gen. Life & Accident Ins. Co.,* 111 F.3d 105, 108 (11th Cir. 1997) and *Curry v. Contract Fabricators, Inc. Profit Sharing Plan,* 891 F.2d 842, 846-47 (11th Cir. 1990)). However, "bare allegations of futility are no substitute for the 'clear and positive' showing of futility required before suspending the exhaustion requirement." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1330 (11th Cir. 2006).

In *Lanfear v. Home Depot, Inc.*, a case which is factually similar to this case, the Eleventh Circuit held that former employees were required to exhaust their administrative remedies prior to bringing an ERISA claim in federal court. 536 F.3d 1217 (11th Cir. 2007). The plaintiffs, former employees of The Home Depot, Inc. ("Home Depot"), filed a complaint against Home Depot and its officials for breach of fiduciary duty in the administration of a retirement plan. *Id.* The former employees complained that Home Depot violated its fiduciary duty by allowing the plan to invest in Home Depot stock even though corporate officials were backdating stock options and making fraudulent transactions, which

artificially inflated the value of Home Depot stock. *Id.* at 1220. The complaint named as defendants Home Depot, current and former members of the investment committee and the administrative committee of the plan, and current and former members of the board of directors of Home Depot. *Id.* In their request for relief, the former employees sought to compel the defendants to restore to the plan all losses that resulted from a breach of fiduciary duty, all profits that a breach of fiduciary duty prevented the plan from realizing, and all profits made through the misuse of plan assets. *Id.* They requested that the court allocate to their individual accounts a proportionate amount of the restitution of plan losses. *Id.* The Eleventh Circuit held that the former employees failed to exhaust their administrative remedies under the ERISA plan. *Id.* at 1225.

Defendants, here, argue that Plaintiffs similarly failed to exhaust the administrative remedies under the Plan, because the account distribution forms submitted by Mr. Guididas, Ms. Mattes, and Ms. Brusger make no mention of any claims for breach of fiduciary duty. Indeed, the forms appear to make individual requests for distribution of benefits and do not set forth any additional detail, much less describe any claim related to the claims in Plaintiffs' complaint, which strictly deal with breaches of fiduciary duty. And although the law is clear that claims for breaches of fiduciary duty constitute claims for "benefits" (*see Lanfear*), Plaintiffs cannot meet the administrative exhaustion requirement under ERISA by merely making requests for individual benefits that are completely unrelated to their claims in this case. Plaintiffs' complaint involves putative class-wide complaints of breaches of

fiduciary duty. It is axiomatic that these claims should have first been presented to the administrative review process as outlined in the Plan.

The Court also concludes that Plaintiffs' arguments of futility, similar to the arguments in *Swetic*, are speculative and fail to meet a "clear and positive" showing of futility. As the Court stated in *Swetic*, Plaintiffs point to no authority suggesting that the value of the Plan's assets should be considered by a court in determining futility. Indeed, in *Lanfear*, the plaintiffs had a similar claim for the decrease of the value of the plan's assets, however, the Eleventh Circuit did not consider this when it held that plaintiffs were required to exhaust their administrative remedies.

Simply put, Plaintiffs failed to present their claims for breach of fiduciary duty to the administrative review process prior to the filing of their complaint. And regardless of the value of the plan's assets, or any other purported basis for "futility" relevant here, there remains an administrative process for review of Plaintiffs' fiduciary breach claims, which must be followed.

Accordingly, Defendants' motion to dismiss must be granted to the extent that Plaintiffs failed to exhaust their administrative remedies prior to their initiation of this lawsuit. The Court, however, denies Defendants' motion to the extent that they seek their fees and costs.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendants' Motion to Dismiss and Memorandum in Support (Dkt. 3) is hereby **GRANTED** as set forth herein.

  2. Plaintiffs' case is dismissed without prejudice to Plaintiffs to exhaust their administrative remedies.

  3. The CLERK is directed to CLOSE this case and terminate any pending motions as moot.

  **DONE** and **ORDERED** in Tampa, Florida on September 24, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-1410.mtdismiss.frm